UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Civil Case Number: _____

Hayley Ross,

                Plaintiff,

vs.

HF Holdings, Inc.; and DOES 1-10, inclusive,

                Defendants.

## COMPLAINT

For this Complaint, Plaintiff, Hayley Ross, by undersigned counsel, states as follows:

### JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA").

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

### PARTIES

3. Plaintiff, Hayley Ross ("Plaintiff"), is an adult individual residing in Miami, Florida, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

4. Defendant, HF Holdings, Inc. ("HF"), is a Florida business entity with an address of 5929 Anno Avenue, Orlando, Florida 32809, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

5. Does 1-10 (the "Collectors") are individual collectors employed by HF and whose identities are currently unknown to Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

6. HF at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

7. Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

8. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes, which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

9. The Debt was purchased, assigned or transferred to HF for collection, or HF was employed by the Creditor to collect the Debt.

10. Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. HF Engages in Harassment and Abusive Tactics

11. Within the last year, HF began contacting Plaintiff in an attempt to collect the Debt.

12. In or around November 2016, HF called Plaintiff's daughter, disclosed that Plaintiff was responsible for the Debt and claimed that Plaintiff would be "in big trouble" if she did not resolve the matter.

13. HF's communication with Plaintiff's daughter caused Plaintiff a great amount of embarrassment and humiliation.

14. Plaintiff received a letter from HF dated November 30, 2016, in an attempt to collect the Debt.

15. HF's letter to Plaintiff demands payment of the Debt within ten (10) days of her receipt; however, the letter also states that Plaintiff has thirty (30) days to dispute the Debt.

16. Both statements in HF's letter could not be true, causing Plaintiff a great amount of confusion.

C. **Plaintiff Suffered Actual Damages**

17. Plaintiff has suffered and continues to suffer actual damages as a result of Defendants' unlawful conduct.

18. As a direct consequence of Defendants' acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

**COUNT I**
**VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.**

19. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

20. Defendants' conduct violated 15 U.S.C. § 1692c(b) in that Defendants communicated with individuals other than Plaintiff, Plaintiff's attorney, or a credit bureau.

21. Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with the collection of a debt.

22. Defendants' conduct violated 15 U.S.C. § 1692e in that Defendants used false, deceptive, or misleading representation or means in connection with the collection of a debt.

23. Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

24. Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

25. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

26. Plaintiff is entitled to damages as a result of Defendants' violations.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

4. Punitive damages; and

5. Such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: March 8, 2017

Respectfully submitted,

By:   */s/ Stan Michael Maslona*
Stan Michael Maslona, Esq.
Florida Bar No. 86128
Lemberg Law, LLC
43 Danbury Road, 3rd Floor
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
smaslona@lemberglaw.com